IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **BARRYON TOWNSEND,** § | |
| Petitioner, § | |
| § | |
| vs. § | C.A. NO. C-05-304 |
| § | |
| **DOUG DRETKE, Director TDCJ-ID,** § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), and currently is incarcerated at the McConnell Unit in Beeville, Bee County, Texas. Proceeding *pro se* and *in forma pauperis*, petitioner filed this petition pursuant to 28 U.S.C. § 2254 (D.E. 1). Petitioner is serving a 60-year sentence for murder and when that sentence ceases to operate, he will serve two more sentences concurrently, one of which is a ten-year sentence for possession of cocaine and the other of which is a five-year sentence for burglary of a habitation. Petitioner makes the following allegations: (1) His right to due process is being violated because he is being forced to serve his sentence in installments; (2) He was denied his right to appeal; (3) He was denied effective assistance of counsel because his attorney did not challenge the cumulation order at trial or on appeal. On December 20, 2005 respondent filed an answer to the habeas corpus petition and moved for summary judgment on petitioner's claims (D.E. 16). Petitioner did not respond.

## BACKGROUND

Following a guilty plea, petitioner was sentenced to five years deferred adjudication probation on August 15, 1989 in the 347th District Court of Nueces County, Texas for burglary of a building in cause number 89-CR-945-H. Ex Parte Townsend, App. No. 29,263-03 at 73-74.

On December 14, 1990, following a guilty plea, petitioner was convicted of possession of cocaine in Cause No. 90-CR-1948-H in the same court. Ex Parte Townsend, App. No. 29,263-02 at 14. On that same day, the court revoked petitioner's deferred adjudication probation and found him guilty of the earlier burglary conviction. He was sentenced to 10 years confinement in TDCJ-ID's Special Alternative Incarceration Program ("Boot Camp") for both the burglary and possession of cocaine convictions with the sentences to be served concurrently. Ex Parte Townsend, App. No. 29,263-03 at 81-83.

By May 6, 1991 petitioner had successfully completed Boot Camp and the trial court suspended his sentence and placed him on probation for the remainder of the term. On July 19, 1991 the State filed a motion to revoke his probation based on allegations that he had violated the conditions of probation. Ex Parte Townsend, 137 S.W.3d 79, 80 (Tex. Crim. App. 2004). On February 14, 1992 petitioner was found guilty of murder and was sentenced to 60 years incarceration. On the same day, the trial court revoked petitioner's probation and imposed a ten-year sentence. The trial court included a cumulation order in the judgment revoking probation whereby it ordered that the 10-year sentence for possession of cocaine be stacked on the 60-year murder sentence. Id.

Petitioner appealed the murder conviction, arguing that the trial court should have instructed the jury on the lesser included offense of voluntary manslaughter. Townsend v. State, No. 13-92-097-CR (Tex. App.-- Corpus Christi 1993, pet. ref'd)(not designated for publication). The Court of Appeals affirmed his conviction. Id. Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals and the petition was refused on February 14, 1994. Townsend v. State, PD-1307-93 (D.E. 16, Ex. A).

2

Petitioner filed an application for habeas corpus relief in state court on June 19, 1995 in which he argued that the trial court failed to submit the lesser included offense of voluntary manslaughter to the jury and also that his attorney provided ineffective assistance of counsel when he failed to request the charge on the lesser included offense.  Ex Parte Townsend, App. No. 29,263-01 at 2-16.  The Texas Court of Criminal Appeals denied the application without written order on August 30, 1995.  Id. at cover.

Approximately eight years later, on June 3, 2003, petitioner filed a second state habeas application in which he argued that his sentence had been improperly executed as a cumulative sentence after he had already commenced serving a portion of the sentence.  The Texas Court of Criminal Appeals denied relief, finding that although the cumulation order was entered wrongfully because petitioner had begun to serve the first sentence in Boot Camp and the cumulation order violated his constitutional protection against being punished twice for the same offense, petitioner had forfeited his right to challenge the cumulation order because he did not present it in his direct appeal.  "Under [Ex Parte Barley, 842 S.W.2d 694 (Tex. Crim. App. 1992)], a trial court is without authority to stack a prior sentence that an applicant has already begun to serve in Boot Camp on the end of a subsequent sentence.  However, we overrule Barley to the extent that it stands for the proposition that an applicant can raise this claim for the first time in an application for writ of habeas corpus."  Townsend, 137 S.W.3d at 80-81.

Petitioner filed a third state habeas petition on October 21, 2004 in which he argued that his trial counsel provided ineffective assistance of counsel because his attorney did not challenge the cumulation order at trial and did not inform petitioner that he could challenge the cumulation

order on direct appeal. Ex Parte Townsend, App. No. 29,263-03 at 2-12. The application was denied without written order on March 16, 2005. Id. at cover.

Petitioner filed a fourth state habeas application on October 21, 2004 in which he repeated his arguments that he received ineffective assistance of counsel because his attorney did not object to the cumulation order at trial and did not tell him he had the right to appeal the order. Ex Parte Townsend, App. No. 29,263-04 at 2-12. The Texas Court of Criminal Appeals denied the application because petitioner had previously challenged the same conviction and failed to allege grounds sufficient for the court to consider a subsequent application, citing TEX. CODE CRIM. PROC. art. 11.07 § 4(a)-(c). Id. at cover.

Petitioner filed the instant federal petition on June 13, 2005 (D.E. 1)[1]. He complains that he is being denied his constitutional right to due process because he is being required to serve his sentence in installments. In addition, he complains that he received ineffective assistance of counsel because his trial attorney did not object to the cumulation order and did not inform petitioner of his right to appeal the cumulation order. Respondent counters that petitioner's claims are time-barred and also that they are procedurally defaulted.

## APPLICABLE LAW

### A. Statute of Limitations

Respondent seeks to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set by the Antiterrorism and

---

[1] Petitioner executed and mailed his petition on June 13, 2005. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988).

Effective Death Penalty Act of 1996 (AEDPA).  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus on June 13, 2005 and so is subject to its provisions.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

In United States v. Flores, 135 F.3d 1000 (5th Cir. 1998), the Fifth Circuit held that prisoners whose causes of action accrued prior to the enactment of the AEDPA were entitled to a reasonable time after the AEDPA became effective to file petitions for collateral relief under 28 U.S.C. §§ 2254 and 2255.  The Court further found that a reasonable period under AEDPA for causes of action accruing prior to April 24, 1996 was one year from the date it was enacted, or April 23, 1997.  Id., 135 F.3d at 1006.

5

Case 2:05-cv-00304   Document 17   Filed in TXSD on 04/20/06   Page 6 of 11

The limitation period in petitioner's case began to run 90 days after the Texas Court of Criminal Appeals refused the petition for discretionary review, or, May 16, 1994. SUP. CT. R. 13.1; Flanagan v. Johnson, 154 F.3d 197, 197 (5th Cir. 1998).  Hence Flores's one-year reasonable time limit would apply, making the last day he could have filed his petition April 23, 1997.  Petitioner did not file his petition until June 13, 2005, more than eight years after the deadline, making it time-barred.

Also, although the one-year grace period is tolled during all time periods in which a properly filed state petition for habeas corpus is pending, Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1998), petitioner did not file his second state court application until well after the deadline had passed, so the period was not tolled[2].

Nor has petitioner shown that he is entitled to equitable tolling, which is permissible only in "rare and exceptional" circumstances.  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted).  Because equitable tolling is available only when the petitioner meets the high hurdle of showing that (1) extraordinary circumstances (2) beyond his control (3) made it impossible to file his petition on time, equitable tolling is inappropriate in most cases. Henderson v. Johnson, 1 F.Supp.2d 650, 653 (N.D. Tex. 1998); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999).  See also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)

---

[2]Nor did petitioner's first state habeas petition, filed before AEDPA was passed, serve to toll the statute of limitations because prior to AEDPA, there was no specific period of limitation governing federal habeas corpus petitions.  Flanagan, 154 F.3d at 198 n. 2.

6

(commenting that court can allow untimely petition to proceed under the doctrine of equitable tolling only in extraordinary circumstances). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Accordingly, petitioner's cause of action is time-barred.

**B. Procedural Bar**

Respondent also argues that in addition to being time-barred, the cumulation claim was rejected by the Texas Court of Criminal appeals on state procedural grounds and this court cannot now hear this claim. A federal court is barred from reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." Id., 501 U.S. at 729-730, 111 S.Ct. at 2554.

A federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default. Dretke v. Haley. 541 U.S. 386, 388, 124 S.Ct. 1847, 1849, 158 L.Ed.2d 659 (2004). If a prisoner is represented by constitutionally effective counsel under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), the existence of cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded his counsel's efforts to comply with the State's procedural

rule. Generally, that standard requires a showing that the factual or legal basis of the claim was not reasonably available to counsel or that some interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)(internal citations omitted). In addition, ineffective assistance of counsel may be asserted as a cause of procedural default, although it must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default Id., 477 U.S. at 489, 106 S.Ct. at 1646.

In this case, it is not clear that respondent would prevail on his argument that petitioner's cumulation claim is procedurally barred because petitioner does claim that his attorney failed to object to the cumulation order at trial and failed to appeal it. In addition, petitioner has presented that claim to the state court in a separate habeas action. Because it is recommended that petitioner's claim be dismissed as time-barred, no recommendation is made at this time regarding respondent's argument that petitioner's claim is procedurally barred. Should the district court not adopt the recommendation that petitioner's case be dismissed as time-barred, a supplemental Memorandum and Recommendation will be filed to address the issue of procedural bar.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a

petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds because they are time-barred.  If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further

recommended that the COA be denied because jurists of reason would not find it debatable whether the district court was correct in dismissing a petition filed several years after the limitations period had expired. Petitioner has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

It is respectfully recommended that respondent's motion for summary judgment (D.E. 16) be granted. Petitioner's application for habeas corpus relief should be DISMISSED as time-barred. It is further recommended that if petitioner seeks a certificate of appealability, it be denied.

Respectfully submitted this 20th day of April, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).